# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

MATTHEW ALWARD,

    Plaintiff,

v.                                            CIVIL ACTION NO. 5:25-cv-00377

HEALTH SERVICES ADMINISTRATOR and
WARDEN, (FCI Beckley), and
FBOP DIRECTOR and
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Matthew Alward's *pro se* Letter-Form Objections [ECF 64] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on September 25, 2025 [ECF 63], along with a Motion for Injunction [ECF 67], filed November 6, 2025, and a Motion to Compel [ECF 68], filed January 5, 2026. The matter is ready for adjudication.

### I.

This action was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on September 25, 2025 [ECF 63], recommending the Court deny Mr. Alward's Application to Proceed Without Prepayment of Fees or Costs [ECF 6], dismiss Mr. Alward's Final Amended Complaint [ECF 62], and remove this matter from the Court's docket.

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

Mr. Alward's claims center on (1) the harm caused -- specifically, exacerbated hearing loss, reaching full loss of hearing in his right ear -- by not timely receiving hearing aids after being diagnosed with hearing impairment at FCI Gilmer in 2021, and (2) his being denied a replacement rescue inhaler by Health Services. [ECF 63 at 2]. Mr. Alward's objections reiterate his claims, and he generally fails to direct the Court to a specific error in Magistrate Judge Aboulhosn's PF&R. [ECF 64]. Mr. Alward's only cognizable objection contends the PF&R

misstates the amount of time he had to wait to receive proper hearing aids because the PF&R states that he only had to wait four months, instead of four years as alleged in his Complaint. [*Id.* at 2]. Mr. Alward misunderstands the context of the relevant discussion in the PF&R. The four-month delay referenced in the PF&R focuses specifically on the time period Mr. Alward had to wait for hearing aids while in custody at FCI Beckley. [ECF 63 at 27]. The analysis did not extend to the time periods he had to wait while housed in other correctional institutions because, although he named the Federal Bureau of Prisons ("FBOP") Director and the United States of America as defendants, Mr. Alward's relevant claims were cabined to FCI Beckley's HSA and Warden. [*Id.* at 2–3]. Accordingly, Mr. Alward's objection is misplaced. Inasmuch as Mr. Alward's objections are general, conclusory, and lacking in specificity, the objections are **OVERRULED**.

    Turning next to Mr. Alward's Motion for Injunction [ECF 67], he fails to surface any new information that would impair the PF&R. He primarily realleges the various claims from his Complaint, expanding only upon his assertion that Defendants have further withheld medicine from Mr. Alward as retaliation for his claims in the instant case. [*Id.* at 1]. Inasmuch as the Motion does not present any meritorious allegations for the Court to consider, the Motion is **DENIED**.

    Finally, Mr. Alward's Motion to Compel similarly lacks merit. [ECF 68]. He requests the Court "compel Defendant to halt the hindering of his mail." He offers no information supporting the allegation that "Alward has a 2254 motion [sic] in Eastern Michigan and the response from Michigan was taken by the Defendant and never shown to Alward." [*Id.* at 1]. As noted by Magistrate Judge Aboulhosn [ECF 38 n. 2], Mr. Alward's rapid and multiplicative filings suggest neither his mail nor his access to the courts are being hindered. Accordingly, the Motion is **DENIED**.

## II.

For the foregoing reasons, the Court **OVERRULES** Mr. Alward's objections [**ECF 64**], **ADOPTS** the PF&R [**ECF 63**], **DENIES** Mr. Alward's Application to Proceed Without Prepayment of Fees or Costs [**ECF 6**], **DISMISSES** Mr. Alward's Final Amended Complaint [**ECF 62**], **DENIES** Mr. Alward's Motion for Injunction [**ECF 67**], **DENIES** Mr. Alward's Motion to Compel [**ECF 68**], and **REMOVES** this matter from the Court's docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:    January 15, 2026

Frank W. Volk
Chief United States District Judge